UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TISHA CARTER,** | ) Case No. 1:13-cv-01322 |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) |
| **AIR CANADA CORPORATION** | ) |
|     Serve: CT Corporation System | ) |
|         1015 15th St. N.W.  Ste. 1000 | ) |
|         Washington, D.C. 20005 | |
|             **Defendant.** | |

# COMPLAINT

Plaintiff, Tisha Carter, by and through counsel, avers and alleges as follows:

## JURISDICTION

1. The jurisdiction of this Court over this civil action exists pursuant to 28 U.S.C. § 1331(a), in that this action arises under the laws and treaties of the United States, namely Article 17 of Convention for the Unification of Certain Rules Relating to International Carriage by Air, concluded at Montreal, Canada, on May 28, 1999 ("Montreal Convention") and 28 U.S.C § 1332 involving diversity of citizenship.

2. This is an action for damages in excess of $75,000, exclusive of interest, costs and attorney's fees.

## PARTIES

3. Plaintiff Tisha Carter is a citizen of the United States.

4. Defendant Air Canada Corporation ("Air Canada") is a corporation organized and existing under the laws of the Republic of Canada that regularly avails itself of the privileges and benefits of conducting business in the District of Columbia.

## GENERAL ALLEGATIONS

5. At all times relevant, Defendant operated as a commercial air carrier engaged in the business of transporting fare-paying passengers on regularly scheduled domestic and international flights in an aircraft owned, leased, operated, managed, maintained and/or controlled by Defendant and its agents and/or employees.

6. Ms. Carter traveled numerous times to Toronto aboard regional jets and on every occasion prior to June 2, 2012 had disembarked via jetway.

7. On June 2, 2012, Defendant was owner and/or operator of an aircraft that operated as Air Canada Flight 8030 traveling from Nashville, Tennessee to Toronto, Canada.

8. On June 2, 2012, Ms. Carter was a passenger on board Air Canada Flight 8030.

9. Upon arrival to Toronto, Defendant failed to provide a jet way for the aircraft and passengers were forced to disembark via a steep and shaky portable staircase. Defendant did not provide passengers with assistance onto the tarmac.

10. Ms. Carter began disembarking the subject aircraft, when, after taking three or four steps on the stairs, the instability caused Ms. Carter to lose her balance, fall to the bottom of the stairs, and blackout momentarily.

11. Ms. Carter was assisted by passengers before any Air Canada crew responded. When Air Canada crew finally responded, Ms. Carter was seen by a medic who determined that her injuries were severe enough to warrant a trip to the local emergency room hospital.

12. As a direct and proximate result of the incident, Ms. Carter sustained several serious and permanent injuries, including but not limited to damages to her lower extremities, her lower back, her spine, her legs and hands, and pain on a daily basis as a result of her injuries, as well as mental anguish, loss of capacity for the enjoyment of life, medical treatment, other damages, loss of income, and medical expenses.

## COUNT I
## CLAIM FOR DAMAGES UNDER THE MONTREAL CONVENTION

13. Plaintiff incorporates by reference all prior allegations above as if fully set forth herein.

14. At the time of Ms. Carter's injury, Defendant was a carrier providing international flight and/or carriage by aircraft for reward as defined in Article 1 of the Montreal Convention.

15. At the time of her injury, Ms. Carter was engaged in an international flight and/or carriage by aircraft for reward as defined in Article 1 of the Montreal Convention.

16. Accordingly, the Montreal Convention applies to this cause of action.

17. Pursuant to Article 17 of the Montreal Convention, Defendant, as the carrier, is liable for damages sustained in case of bodily injury of a passenger upon condition only that the accident which caused the injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

18. Ms. Carter was on board the subject flight where she suffered injuries during the disembarkation process.

19. Pursuant to Article 21(2) of the Montreal Convention, Defendant is liable to Ms. Carter for all personal injury damages exceeding 100,000 Special Drawing Rights (SDRs) unless its proves that it took all necessary measures to prevent or avoid the injuries or damages, or that the injuries or damages were solely due to the negligence or other wrongful act or omission of a third party.

20. At all times relevant, Defendant operated as a common carrier and was under a duty to operate and control the subject aircraft, on the ground and in the air, with the highest degree of care, and to exercise the highest degree of care to prevent injury of any kind.

21. Defendant breached its duty to use reasonable care and negligently and carelessly discharged its duties as a common carrier, among these and other ways, as follows:
    a. Failing to exercise reasonable care in the safety of its passengers;
    b. Failing to take reasonable precautions to prevent injury to passengers when disembarking the aircraft;
    c. Failing to provide passengers with a jet way to disembark the aircraft; and
    d. Failing to provide prompt and immediate assistance to passengers injured while disembarking the aircraft.

22. As a direct and proximate result of the negligent and careless acts of Defendant, Ms. Carter sustained several serious and permanent injuries, including but not limited to damages to her lower extremities, her lower back, her spine, her legs and hands, and pain on a daily basis as a result of her injuries, as well as mental anguish, loss of capacity for the enjoyment of life, medical treatment, other damages, loss of income, and medical expenses.

23. As a direct and proximate result of Defendant's negligence, Defendant is liable to Ms. Carter for all personal injury damages exceeding 100,000 SDR.

### REQUEST FOR JURY TRIAL

Plaintiff Tisha Carter hereby demands a trial by jury on all issues raised herein.

WHEREFORE, Plaintiff, Tisha Carter, demands judgment against Defendant, Air Canada, for compensatory damages, costs and such other relief as this Court deems appropriate.

Dated: Washington, D.C.

August 30, 2013

                                                     Respectfully submitted,

                                                     __/s/_____
                                                     DOUGLAS P. DESJARDINS
                                                     Transportation Injury Law Group
                                                     1717 N Street N.W. Ste. 300
                                                     Washington, D.C. 20036